FILED
CLERK
4:51 pm, Aug 24, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BR RESTAURANT CORP.,
    d/b/a Bruno's Restaurante Italiano,

        Plaintiff,

        -against-

NATIONWIDE MUTUAL INSURANCE
COMPANY,
        Defendant.
----------------------------------------------------------X
J&S KID'S WEAR, INC.
    d/b/a Denny's,

        Plaintiff,

        -against-

THE OHIO CASUALTY INSURANCE
COMPANY,
        Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

20-CV-2756(GRB)

20-CV-3121(GRB)

**GARY R. BROWN, United States District Judge**:

    In these two actions, plaintiffs seek recovery under business interruption insurance policies for revenue lost due to the COVID-19 pandemic. The claims and relevant policy provisions are nearly identical in these matters. Defendants seek dismissal under Rule 12, contending that the business losses are not covered under the policy language and/or are subject to certain exclusions.

    Because readers are all too familiar with the ubiquitous, devastating societal effects wrought by the pandemic, the facts can be readily summarized. Plaintiff J&S Kid's Wear, Inc. ("J&S"), which operated children's clothing stores including six covered locations in Nassau, Suffolk and Westchester counties, was forced to close its doors due to governmental proclamations

1

aimed at containing the spread of COVID-19 beginning on March 16, 2020. J&S DE 19. Plaintiff BR Restaurant Corp. ("BR") operated a restaurant in Howard Beach that, beginning in March 2020, was subject to governmental orders which severely limited its operations, causing it to sustain $360,000 in lost income. BR 1-1. Both entities maintained an all-risk policy that included a "Civil Authority" provision. J&S DE 19, BR DE 1-1. The language of those provisions are essentially identical:

> We will pay for the actual loss of "business income" you sustain and necessary "extra expense" caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss.

BR DE 13 at 12, J&S DE 19-1 at 30. Moreover, the policies contain a "virus exclusion" provision that states:

> We will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease.

BR DE 13 at 139; J&S 19-1 at 91.

Despite the tragic economic impact suffered by these plaintiffs (like so many small businesses), the policy language and the applicable law simply do not provide for coverage. *See Spindler v. Great N. Ins. Co.*, 2016 WL 921646, at *4-5 (E.D.N.Y. Feb. 2, 2016), *report and recommendation adopted*, No. 13-CV-5237(JS)(GRB), 2016 WL 899266 (E.D.N.Y. Mar. 9, 2016) (discussing New York insurance law generally and incorporated herein by reference). In *Roundabout Theatre Co. v. Cont'l Cas. Co.*, 302 A.D.2d 1 (N.Y. App. Div. 1st[st] Dep't. 2002), the Appellate Division held that "business interruption coverage is limited to losses involving physical damage to the insured's property," specifically rejecting a claim for "loss of use of the property due to physical damage to adjacent structures. *Id.* at 7,; *but see Pepsico, Inc. v. Winterthur Int'l Am. Ins. Co.*, 24 A.D.3d 743, 744, 806 N.Y.S.2d 709 (N.Y. App. Div. 2d Dep't. 2005) (finding

coverage where "the product's function and value have been seriously impaired" even without physical damage). Applying this reading to the civil authority provisions here, no coverage appears to be available as plaintiffs have not and cannot allege "direct physical loss of or damage to property." Furthermore, any question of whether the business interruption arose "from a Covered Cause of Loss" appears to be resolved by the virus exclusion. J&S DE 23-1 at 25-26 (collecting cases).[1]

This general analysis is supported, as defense counsel notes, by more than *one hundred* district court cases nationwide dismissing COVID-19 business interruption claims under similar, if not identical, circumstances. *See* BR DE 19 & 23; J&S DE 23-1 at 12-14. As one court observed:

> As a result of COVID-19 closure orders throughout the country, many businesses have brought lawsuits claiming entitlement to coverage under provisions materially similar to those at issue in *Roundabout Theater*, *Newman Myers*, and here. And nearly every court to address this issue has concluded that loss of use of a premises due to a governmental closure order does not trigger business income coverage premised on physical loss to property.

*Michael Cetta, Inc. v. Admiral Indem. Co.*, 506 F. Supp. 3d 168, 179 (S.D.N.Y. 2020), *appeal withdrawn*, No. 21-57, 2021 WL 1408305 (2d Cir. Mar. 23, 2021). This groundswell of caselaw, and the analysis underlying those decisions, proves fatal to plaintiffs' claims.

---

[1] Plaintiffs argue that "the relevant language from the exclusion does not define the term 'virus' and is subject to more than one reasonable interpretation." J&S DE 23-14 at 25. Unfortunately for plaintiffs, though, it is impossible to reasonably interpret the phrase "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease" in any other way. The exclusion clearly bars the instant claims.

Based on the foregoing, these cases are dismissed.  As repleading would appear futile, the dismissal is with prejudice.  The Clerk is directed to close these cases.

**SO ORDERED.**

Dated: Central Islip, New York
       August 24, 2021

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge